JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SCHERER, | ) CASE NO.  CV 14-8325-R-AJW |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) APPLICATION FOR DEFAULT |
| v. | ) JUDGMENT |
| | ) |
| MANUEL VASQUEZ, CONCEPCION VASQUEZ, CIELITO CORP, a California Corporation; and Does 1-10. | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Before the Court is Plaintiff's Motion for Default Judgment, which was filed on December 8, 2014.  Having been thoroughly briefed by both parties, this Court took the matter under submission on January 26, 2015.

Plaintiffs seek the entry of default judgment against Defendants Manuel Vasquez, Concepcion Vasquez, and Cielito Corp.  Defendant Concepcion Vasquez was personally served with the Summons and Complaint on November 14, 2014.  Defendant Manuel Vasquez was served with the Summons and Complaint by substitute service at his home on November 17, 2014. Defendant Cielito Corp. was served with the Summons and Complaint via substitute service on November 13, 2014.  Defendant Manuel Vasquez and Cielito Corp were also served by mail on

1  November 17, 2014.  Defendants Manuel Vasquez and Concepcion Vasquez did not appear in this
2  action, did not respond to the complaint, and had a clerk's default entered against them on
3  December 23, 2015.  Defendant Cielito Corp did not appear in this action, did not respond to the
4  complaint, and had a clerk's default entered against them on January 8, 2015.

5       A court has the discretion to enter a default judgment against one who is not an
6  unrepresented infant or other incompetent person where the claim is for an amount that is not
7  certain on the face of the claim and where (a) the defendant has been served with the claim; (b) the
8  defendant's default has been entered for failure to appear; (c) if the defendant has appeared in the
9  action, the defendant has been served with written notice of the application at least three days
10  before the hearing on the application; (d) the court has undertaken any necessary or proper
11  investigation or hearing in order to enter judgment or carry it into effect; and (e) Plaintiff has filed
12  a written affidavit addressing the current military status of the defendant. Fed. R. Civ. Proc.
13  55(b)(2); *Alan Neuman Productions v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988).

14       While the power to grant or deny relief upon an application for default judgment is within
15  the Court's sound discretion, a plaintiff is required to state a claim upon which he may recover in
16  order to grant the motion for a default judgment.  *Sony Music Entertainment v. Elias*, 2004 WL
17  141959 (C.D. Cal. Jan. 20, 2004); *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175
18  (C.D. Cal. 2002).  Upon default, the well-pleaded allegations of the complaint relating to liability
19  are taken as true.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).  On
20  the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit
21  conclusions of law.  *Wecosign, Inc. v. IFG Holdings, Inc*., 845 F. Supp. 2d 1072 (C.D. Cal. 2012).

22       Plaintiff has complied with the procedural requirements of Federal Rule of Civil Procedure
23  55 and Local Rule 55-1.  This Court has considered the factors enumerated in *Eitel v. McCool*,
24  782 F.2d 1470 (9th Cir. 1986) and concludes that these factors weigh in favor of granting the
25  default judgment.  The first of those factors is the sufficiency of the complaint.  Under the ADA, a
26  plaintiff must show that: (1) the plaintiff is disabled, *see* Title 42 U.S.C. § 12102(a); (2)
27  Defendant's facility is a place of "public accommodation" and, therefore, governed by Title III of
28  the ADA, *see* Title 42 U.S.C. § 12182(a); (3) Defendant's facility had unlawful architectural

1  barriers, *see* Title 42 U.S.C. § 12182(b)(2)(A)(iv); and (4) Plaintiff has encountered the
2  architectural barrier precluding his full an equal access to the facility, *see* Title 42 U.S.C. §
3  12188(a).  Any violation of the ADA is also a violation of the Unruh Civil Rights Act.  Cal. Civ.
4  Code § 51(f).  Plaintiff alleges that he is disabled, that the Restaurant is a place of public
5  accommodation, that the Restaurant had no van accessible parking in violation of law, and that
6  Plaintiff personally encountered this in February 2014 and was denied full and equal access as a
7  result.  Overall, the allegations of Plaintiff's Complaint, taken as true, are sufficient to state a
8  claim for copyright infringement.  Overall, the allegations of Plaintiff's Complaint, taken as true,
9  are sufficient to state a claim under the ADA and Unruh Act.

10  The second *Eitel* factor considers the amount of money at stake in relation to the
11  seriousness of a defendant's conduct. *Wecosign, Inc.*, 845 F. Supp. 2d at 1082.  Default judgment
12  is disfavored when a large amount of money is involved and is unreasonable in light of the
13  potential loss caused by the defendant's actions. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998,
14  1012 (C.D. Cal. 2014).

15  Here, Plaintiff requests the Unruh Act statutory minimum amount of damages of $4,000.00
16  as well as the $4,455.00 he expended in attorneys' fees and costs to bring this action.  Because a
17  cause of action under Title III of the ADA does not allow for damages and the instant case is a
18  civil rights claim, balancing against the award as proscribed by Local Rules is inappropriate.
19  Rather, the Court looks to the amounts requested to determine if they are reasonable.

20  First, the statutory minimum of $4,000.00 is ostensibly reasonable.  Second, of the
21  $4,455.00 requested in attorneys' fees and costs, $460.00 was expended in filing fees and costs.
22  The remainder $3,995.00 was incurred as attorneys' fees for 9.4 hours of work at $425 per hour.
23  Plaintiff's attorney has 21 years of experience and his practice is dedicated exclusively to
24  disability related issues.  Plaintiff's counsel's hourly billing rate has been approved as reasonable
25  by many other federal courts.  *See* Ex. 6 (J. Snyder, approving $425 as reasonable rate); 7 (J.
26  Brooks, noting hourly rate as reasonable, but failing to state amount); 8 (J. Milton, approving $425
27  as reasonable rate); 9 (J. Goldman, approving $425 as reasonable rate); 10 (J. Wilson, approving
28  $425 as reasonable rate).  Given Defendants' failure to appear and defend, Plaintiff's required

3

filings and the mandatory statutory minimum, this Court finds that the damages and attorneys' fees and costs and injunction are needed.  Accordingly, this factor weighs in favor of entry of default judgment.

The third factor considers the possibility of prejudice to the plaintiff. Defendants have failed to appear and defend this action.  Absent entry of default judgment, Plaintiff will be without recourse against Defendants, and continuing to be denied full and equal access to this place of public accommodation.  Therefore, this factor weighs in favor of the entry of default judgment.

The fourth factor considers the possibility of a dispute concerning material facts.  Here, Plaintiffs have adequately alleged violations of the ADA and the Unruh Act in their Complaint.  After having been served and thus made aware of the violations caused by the lack of accessible parking, Defendants have failed to comply or take any remedial action, failed to appear in this matter, and have therefore admitted all material facts alleged in Plaintiff's pleading.  Since Plaintiff's factual allegations are presumed true and Defendants have failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment.  This factor, therefore, favors the entry of default judgment against Defendants.

The fifth factor is whether the default was due to excusable neglect.  This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *Wecosign, Inc.,* 845 F. Supp. 2d at 1082.  Here, there is no indication that Defendants allowed the default to be taken as the result of excusable neglect. The record indicates that Defendants had adequate notice of this matter — Defendants were properly served with the summons and complaint, the application for clerk to enter default, and the instant motion for default judgment.  The Court finds it reasonable to infer that Defendants' default was not the product of excusable neglect. Accordingly, this factor weighs in favor of the entry of default judgment.

The final factor considers the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Although cases should be decided upon their merits whenever reasonably possible, Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend. *Wecosign, Inc*., 845 F. Supp. 2d at 1083.

1  Notwithstanding the strong policy presumption in favor of a decision on the merits, Defendants'
2  failure to answer Plaintiff's Complaint makes a decision on the merits impractical.  Since
3  Defendants failed to appear and defend, this factor weights in favor of the entry of default
4  judgment.

5  Having met the *Eitel* factors, Plaintiff is entitled to damages. Plaintiff has the burden of
6  proving damages through testimony or written declaration or affidavit. Fed. R. Civ. P. 55(b)(2);
7  *Lotenero v. Cripps*, 2012 U.S. Dist. LEXIS 19750 (E.D. Cal. Feb. 15, 2012).   Rule 54(c) limits
8  the relief that can be sought in a motion for entry of default judgment to that identified in the
9  complaint.  FED. R. CIV. P. 54(c), *Vogel*, 992 F. Supp. 2d at 1013. Plaintiff has submitted the
10 Declarations of Mark Potter, an attorney from the Center for Disability access and attorney for
11 Plaintiff who attests to the amounts incurred by Plaintiff in pursuing this action.  Plaintiffs seek
12 statutory damages, attorneys' fees and costs, and injunctive relief.

13 Plaintiff seeks $4,000 in statutory damages under the Unruh Act for the singular instance
14 of discrimination.  Cal Civ. Code § 52(a).  Under the Unruh Act, a person who violates Section
15 51(f) is liable for actual damages, up to three times actual damages but is subject to a statutory
16 minimum of $4,000.00 for each time that he was discriminated against.  Cal Civ. Code § 52(a).

17 Here, Plaintiff submitted a declaration that provides affirmative evidence that Plaintiff
18 encountered the inaccessible parking at the Restaurant on one occasion in February 2014.  (Dkt.
19 No. 19 at Ex. 2, Scherer Decl. ¶¶ 3-4).  An investigator hired by the Center for Disability Access
20 also submitted a declaration and photographs depicting that there was no accessible parking at the
21 Restaurant on February 26, 2014.  (Dkt. No. 19 at Ex. 3, Louis Decl. ¶¶ 2-3; Ex. 4, Photographs).
22 Plaintiff thus has proffered sufficient evidence of at least one instance of discrimination and is
23 entitled to the statutory minimum of $4,000.00.

24 Additionally, for all the reasons stated above, Plaintiff's request for attorneys' fees and
25 costs is reasonable.  Moreover, Plaintiffs seek $460 in costs.  This amount consists of filing fees
26 and service of process costs.  These fees are reasonable, and the Court will award them.
27 Accordingly, this Court awards $4,455 in attorneys' fees and costs.

28 Plaintiff also seeks injunctive relief compelling Defendants to comply with the ADA under

5

1  Title 42 U.S.C. §12101, et seq. and the Unruh Act.  A Court may grant injunctive relief under the
2  Unruh Act pursuant to Section 52.1(h).  *See* Cal. Civ. Code § 52.1(h). To be entitled to injunctive
3  relief under Title 42 U.S.C. § 12188(a)(2), Scherer must show that Defendants have violated the
4  ADAAG.  "In the case of violations [of the accessibility provisions] of this title, injunctive relief
5  shall include an order to alter facilities to make such facilities readily accessible to and usable by
6  individuals with disabilities...." *Id.*; *see Moeller v. Taco Bell*, 816 F.Supp.2d 831, 859
7  (N.D.Cal.2011).  A plaintiff is not required to satisfy the other prerequisites generally needed for
8  injunctive relief since "[t]he standard requirements for equitable relief need not be satisfied when
9  an injunction is sought to prevent the violation of a federal statute which specifically provides for
10 injunctive relief." *Moeller*, 816 F.Supp. 2d at 859 (quoting *Antoninetti v. Chipotle Mexican Grill,*
11 *Inc.*, 643 F.3d 1165, 1175–76 (9th Cir.2010)).  Thus, injunctive relief is proper when architectural
12 barriers at a defendant's establishment violate the ADA and the removal of the barriers is readily
13 achievable. *See, e.g., Moreno v. La Curacao*, 463 Fed.Appx. 669, 670 (9th Cir.2011)
14 (Unpub.Disp.); *Johnson v. Singh*, 2011 WL 2709365, at *3 (E.D.Cal. July 11, 2011); *Sceper*, 2009
15 WL 3763823, at *4.

16    As noted, Plaintiff has stated a viable Title III discrimination claim. There are various
17 architectural barriers at the Restaurant that violate the ADAAG.  Here, Plaintiff does not expressly
18 argue or allege that the removal of the barriers is readily achievable.  A defendant's failure to
19 appear does not vitiate the Plaintiff's burden of showing as much.  The Court will "instead follow
20 the 'overwhelming majority of federal courts that apply the burden-shifting framework of *Colo.*
21 *Cross.*'" *Id.* (quoting *Sceper v. Trucks Plus*, 2009 WL 3763823, at *3 (E.D. Cal. Nov. 3, 2009));
22 *id.* at n.8.  Indeed, "until the Ninth Circuit provides . . . specific instruction to the lower courts,"
23 the plaintiff "has the initial burden to produce evidence that removal of the barriers . . . [is] readily
24 achievable . . . ." *Vesecky v. Garick, Inc.*, 2008 WL 4446714, at *3 (D. Az. Sept. 30, 2008).

25    However, Plaintiff has provided some evidence that removal of the barriers is "readily
26 achievable." Plaintiff provided photographs of the parking spaces in the Restaurants parking lot
27 showing that adding eight foot access aisles to some of the spaces could readily achievable.  *See*
28 *McComb v. Vejar*, 2014 WL 5494017, at *6 (Oct. 28, 2014) (interpreting *Vogel* and noting that

1  proof that removal of barriers is readily achievable is required for injunctive relief but that
2  photographs demonstrating ease of alteration were sufficient). Though an allegation these changes
3  were readily achievable, the Court applies common sense in finding that the changes here are
4  readily achievable.

5  Injunctive relief compelling Defendants to remove barriers at the Restaurant to the extent
6  they have the legal right to do so under the lease and state law so that the facility is readily
7  accessible to and usable by individuals with disabilities is therefore appropriate.  Specifically,
8  Defendants are enjoined to remove all architectural barriers identified in Scherer's complaint, i.e.,
9  Defendants must provide van accessible parking with eight foot access aisles to the extent
10 Defendants have control over these aspects of the store under the lease and state law. *See* 28
11 C.F.R. § 36.304.

12 **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is GRANTED.
13 (Dkt. No. 14)
14 Dated: March 17, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE